Case 4:21-cv-03613 Document 1-3 Filed on 11/03/21 in TXSD Page 1 of 8

Filed
9/15/2021 5:04 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Shelby Taylor

CAUSE NO. **21-DCV-287406** _____

| | | |
|---|---|---|
| **CARL ANDERSON** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **FORT BEND COUNTY, TEXAS** |
| | § | |
| **DOLLAR TREE STORES, INC.** | § | Fort Bend County - 458th Judicial District Court |
| *Defendant*. | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **CARL ANDERSON**, hereinafter referred to as "Plaintiff," complaining of **DOLLAR TREE STORES, INC.**, hereinafter referred to as "Defendant" and/or "Dollar Tree" and for cause of action would respectfully show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff respectfully requests that discovery be conducted pursuant to Level 2 and that a discovery control plan be entered.

### II. PARTIES

2. Plaintiff, **CARL ANDERSON**, is an individual and a resident of Fort Bend County, Texas.

3. Defendant, **DOLLAR TREE STORES, INC.** is a foreign corporation doing significant and systematic business in Texas and can be served by serving its **registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218, USA**.

### III. MISNOMER

4. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that any "corporate veils" should be pierced to hold such parties properly included in the interest of justice. Pursuant to Texas Rule of Civil Procedure 28, Plaintiff reserves the right to substitute this Defendant's true name, if different than the foregoing, after adequate time for discovery.

### IV. VENUE AND JURISDICTION

5. Venue is proper in Fort Bend County, Texas, pursuant to Section 15.002 of the Texas Civil Practices & Remedies Code, because Defendant consented to venue in all counties of Texas. Alternatively, the incident giving rise to this action occurred in Fort Bend County, Texas as Defendant's Dollar Store was the place of Plaintiff's employment and the location of the injury and the unsafe employment conditions and thus venue is proper in Fort Bend County, Texas.

### V. CONDITIONS PRECENT

6. All conditions precedent has been performed.

### VI. CLAIM FOR RELIEF

7. The damages sought are within the jurisdictional limits of this Court. Pursuant to Chapter 47, Plaintiff currently seeks monetary relief over $500,000. The amount of monetary relief actually awarded, however, will ultimately be determined by the jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## VII. FACTS

8. At all times pertinent hereto, Plaintiff, CARL ANDERSON was an employee of Defendant Dollar Tree located in Richmond, Texas. On March 17, 2021, Carl was receiving a distribution from a Dollar Tree driver. The driver was in a hurry and began rushing to download boxes, causing one of the boxes to fall on to Carl's ankle causing injury and damage. Dollar Tree knew that requiring its drivers to maintain a difficult schedule would require the drivers to rush. Dollar Tree also knew that the receiving area where the products were be downloaded was too small and required Carl to work in close proximity to the driver and distribution of products – exposing him to a foreseeable injury. As a result of the above acts or omissions of Dollar Tree, Plaintiff suffered significant injuries, which required her to undergo surgery.

## VIII. NON-SUBSCRIBER STANDARDS

9. Defendant is not a subscriber to a policy of workers compensation insurance, and therefore CARL ANDERSON was forced to bring this suit to recover damages pursuant to the provisions of Chapter 406 of the Texas Labor Code, including Sections 406.031 through 406.033 of the Texas Labor Code, for personal injuries while in the course and scope of Plaintiff's employment.

10. As a non-subscriber, under the Texas Workers' Compensation Act, and pursuant to Section 406.033 of the Texas Labor Code, Defendant has lost its common law defenses of:

    a. contributory negligence of Plaintiff;

    b. that the injury was caused by the negligence of a fellow employee; and

    c. that Plaintiff assumed the risk of the injury incident to her employment.

## IX. CAUSES OF ACTION
### A. NEGLIGENCE

11. The Statements and Averments contained in paragraph 8, above are adopted fully be reference as if set out *verbatim* herein. Defendant was negligent in failing to provide a safe work-place environment for the job required of Plaintiff and such negligence was the direct and proximate cause of the incident in question and of Plaintiff's damages and personal injuries. Defendant owed a duty to exercise ordinary care in providing Plaintiff a safe work-place environment. Defendant, acting through its agents, servants, and employees, failed to use the degree of care which an employer of ordinary prudence would have used under the same or similar circumstances by:

  a. failing to maintain a safe work environment/property for its employees;

  b. failing to maintain a safe work environment/property free from unnecessary hazards;

  c. failing to properly provide an adequate area to accept new stock;

  d. creating an unreasonably dangerous condition on the premises;

  e. failing to adequately warn, or make safe;

  f. failing to provide Plaintiff with the necessary instrumentalities to do her job safely;

  g. failing to provide adequate help;

  h. failing to comply with minimum standards of safety to include, but not limited to OSHA;

  i. failing to have policy and procedures in effect and enforce same to prevent the improper downloading of shipments in receiving;

  j. failing to comply with the walking-working standards set forth in the OSHA; and

  k. any other acts deemed negligent.

12. The above acts, errors, and omissions of Defendant, and those of their agents, servants, managers, vice principals and employees, whether taken singularly or in any combination, constituted negligence.

### A. Negligent-Undertaking

13. Defendant undertook the task of resupplying the subject store, as well as, complying the Occupational Safety (OSHA) and Texas Law regarding workplace safety.

14. Specifically, Defendant undertook, in attempted compliance with OSHA, to provide designate and provide a receiving area, coordinating for new stock to be delivered and training its agents, employees and drivers to deliver/download new stock in receiving. Defendant undertook this task with knowledge that it was necessary for Plaintiff's protection.

15. After having undertook such a task, Defendant failed to exercise reasonable care in performing the undertaking.

16. Plaintiff relied on Defendant's undertaking and Defendant's performance of the undertaking increased the Plaintiff's risk of harm.

17. As a direct and proximate result of Defendant's negligent undertaking Plaintiff suffered permanent injuries. Defendant is therefore liable for negligent undertaking.

18. Each of the foregoing acts and/or omissions of Defendant, singularly or in combination, constituted negligence and were a proximate cause of Plaintiff's injuries and damages.

19. Defendant is liable directly and/or alternatively, vicariously for the acts, omissions and negligence of its employees, agents, representatives, contractors, managers and vice-principals due to ratification, and/or because Defendant's negligence involved a nondelegable duty and/or because such were committed by managers and/or vice principals.

### B.  NEGLIGENT TRAINING

20. Plaintiff alleges that Defendant's owed a legal ordinary duty to properly train its drivers/employees for the distribution and delivery to Plaintiff's store, and the means, manner and method that same should be performed. Defendant's breached that duty by failing to properly train. A reasonable prudent employer under the circumstances would have adequately provided training. Defendant's breach proximately caused the injuries and other damages suffered by Plaintiff. The injuries and damages suffered by Plaintiff were within the scope of the employer's duty to properly train its employees.

### C.  NEGLIGENT SUPERVISION

21. Plaintiff alleges that Defendant's owed a duty to properly control and supervise its drivers/employees, especially regarding the delivery/distribution of products to the store. Defendant beached its duty by failing to properly supervise thereby creating an unreasonable risk of harm to Plaintiff and her fellow employees. Defendant's breach proximately caused the injuries and other damages suffered by Plaintiff. The injuries and damages suffered by Plaintiff were within the scope of the employer's duty to properly train its employees.

### D.  RESPONDEAT SUPERIOR

22. Plaintiff incorporates the foregoing factual allegations as if herein quoted verbatim and set forth herein at length: Plaintiff states that at the time of the occurrence made the basis of this suit, the individuals responsible for the negligence described were acting in the capacity as an agent, servant, and/or employee of Defendant's and were acting within the course and scope of their authority as such. Therefore, the doctrine of *Respondeat Superior* should be applied to Defendant and should be held responsible for the acts of its agents and/or employees and/or servants.

## X. DAMAGES

23. Plaintiff is entitled to and request the following damages:

   a. Physical impairment in the past and future;

   b. Physical pain and suffering in the past and future;

   c. Mental anguish in the past and future;

   d. Medical expenses incurred in the past and future;

   e. Loss of earning capacity in the future;

   f. Lost wages in the past;

   g. Pre-judgment and post-judgment interest; and

   h. All other damages Plaintiff may be entitled to at law or in equity.

## XI. REQUEST FOR DISCLOSURES AND PRESERVATION

24. Under Texas Rules of Civil Procedure 194, Plaintiff hereby requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

25. Defendant is hereby given notice that any documents, other material, or item, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until litigation is concluded.

## XII. RULE 193.7 NOTICE

26. Plaintiff gives notice to Defendant that she intends to use all discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rules of Civil Procedure 193.7.

## XIII. <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff, **CARL ANDERSON**, respectfully prays that Defendant be cited to appear and answer herein, and that after arbitration, judgment be entered for the Plaintiff against Defendant for the economic, non-economic damages requested herein above, exemplary damages; together with prejudgment and post-judgment interest at the maximum rate allowed by law, costs of court and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

*CROCKETT LAW, PC*

By: *Brian H. Crockett*
     **Brian H. Crockett**
     State Bar No. 24074094
     9900 Westpark Dr. Ste 200
     Houston, Texas 77063
     (713) 524-4800 Telephone
     (888) 587-9443 Facsimile
     Brian@TheTexasInjuryFirm.com
     efile@TheTexasInjuryFirm.com

**ATTORNEY FOR PLAINTIFF**